19101.  DeLOACH *v.* MILES *et al.*

DECIDED NOVEMBER 13, 1928. REHEARING DENIED DECEMBER 11, 1928.

*J. P. Dukes,* for plaintiff in error.
*J. B. Moore, Henry O. Farr,* contra.

BROYLES, C. J.  This was a suit on account, brought by Miles and others doing business as Pine Grove Stave Company, against DeLoach.  It resulted in the direction of a verdict for the plaintiffs.  The only assignments of error in the bill of exceptions (there was no motion for a new trial) are upon the exclusion of certain testimony of the defendant, and the direction of a verdict for the plaintiff.

The undisputed evidence of Miles was that Rushing, the person who sold the staves to the defendant, was a special agent of the plaintiffs and that he was authorized only to sell the staves and had no authority to collect the purchase-price.  The testimony of the defendant, which was excluded on motion of the plaintiffs, was as to a certain statement alleged to have been made by Rushing to the defendant at the time when the defendant contracted to purchase the staves.  That statement was in substance that he, Rushing, was the owner of the staves.

Counsel for the defendant contends that the statement of Rushing was admissible as part of the res gestæ, and that as it was made dum fervet opus, it was binding upon Rushing's principals, the plaintiffs.  This contention is without merit.  As before stated, the undisputed evidence showed that Rushing was a special agent

with authority only to sell the staves. He had no authority to collect their purchase-price. "The declarations of an agent are not admissible against his principal when it does not appear that they were made in reference to a matter within the scope of the agency." *Central of Ga. Ry. Co.* v. *Americus Construction Co.,* 133 *Ga.* 392 (4) (65 S. E. 855); *Wright* v. *Georgia Railroad &c. Co.,* 34 *Ga.* 330 (3).

■ As to the direction of a verdict for the plaintiffs, the only contention in the brief of counsel for the defendant is that such direction was error because of the previous error in excluding the testimony of the defendant as to the aforesaid declaration of the agent Rushing. In view of our ruling that the testimony was properly rejected, the contention that the direction of the verdict was error is left without a prop to sustain it.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*